**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-01241-CNS-SBP

WYOMA MARTINEZ,

    Plaintiff,

v.

DOUGLAS HARROUN, individually; and
CITY OF AURORA, COLORADO, a municipality;

    Defendants.

---

**DEFENDANT CITY OF AURORA'S PARTIALLY UNOPPOSED
MOTION TO STAY DISCOVERY**

---

Defendant, the City of Aurora (hereinafter "City"), through undersigned counsel, and pursuant to Fed.R.Civ.P. 26(c), hereby move for an Order staying discovery pending resolution of its dispositive Motion to Dismiss [#17]. In support thereof, Aurora states as follows:

**CERTIFICATE OF COMPLIANCE**

The parties have conferred pursuant to D.C.COLO.LCivR. 7.1(a). Defendant Harroun does not oppose the relief requested by this Motion; however, Plaintiff is opposed.

**I.    INTRODUCTION**

This case arises out of Plaintiff's encounter with Defendant, Douglas Harroun, a former Officer with the Aurora Police Department ("APD") who had been placed on administrative leave at the time of his encounter with Plaintiff. The First Amended Civil Rights Complaint ("FAC") alleges that on January 11, 2023, Plaintiff was walking her dog in her apartment complex when

Harroun and his wife, also residents of the complex, pulled behind her in a car. [Doc. #8, ¶¶ 22, 25]. Harroun exited his vehicle, began screaming at Plaintiff, then allegedly slammed her to the ground and punched her repeatedly in the face and throat with a closed fist. [*Id.*, ¶¶ 29, 35-36]. As a result of this encounter, Plaintiff's FAC alleges three claims originating under federal law, including excessive force under the Fourth Amendment against Harroun individually, false arrest under the Fourth Amendment against Harroun individually, and a claim for municipal liability under *Monell* against the City. The FAC also advances two state law claims brought pursuant to the Law Enforcement Integrity Act ("LEIA"), including excessive force and equal protection as defined by the Colorado Constitution.

The City has filed a Motion to Dismiss the municipal liability claim against it asserting that Harroun was not acting under color of state law at the time of this incident, which is a prerequisite to stating a claim under § 1983.[1] Defendant Harroun has not similarly moved on his own behalf for such determination,[2] presumably because taking such position in this lawsuit is adverse to position he is asserting in this lawsuit and the corresponding declaratory judgment action the City has filed.[3] It is well settled that an officer cannot "admit" or "consent" to acting under color of state law. *Sonia v. Town of Brookline*, 914 F. Supp. 2d 36, 42-43 (D. Mass. 2012), citing *Barreto–*

---

[1] The Motion also asserts that Plaintiff's *Monell* claim against the City fails for lack of plausible allegations of causation and deliberate indifference.

[2] To the contrary, he has filed an Answer where he purports to admit he acted under color of law. [Doc. #18, ¶ 1, admitting the allegations of "color of state law" in the FAC, Doc #8, ¶¶ 6, 171, 182, 206, 229],

[3] *City of Aurora v. Douglas Harroun & Wyoma Martinez*, Case No. 2023CV031640, pending in Arapahoe County District Court, has been filed seeking a declaration that the City has no obligation to defend or indemnify Harroun for this lawsuit.

*Rivera v. Medina-Vargas,* 168 F.3d 42, 46 (1st Cir. 1999) (explaining color of law analysis depends upon totality of circumstances but particularly upon officer's purpose at time of the act). Thus, if this Court agrees with the City and finds that Harroun was not acting under color of law during his encounter with Plaintiff, then the two Fourth Amendment claims against him in his individual capacity would also necessarily be dismissed, in addition to the *Monell* claim against the City. Therefore, assuming this Court finds that Harroun did not act under color of law, the three federal claims would necessarily be dismissed from the lawsuit, and this Court may properly decline to exercise its supplemental jurisdiction over Plaintiff's two state-based LEIA claims.

Defendants should not be subjected to the demands of discovery until the Court rules on the dispositive motion filed by the City, as color of law is a jurisdictional prerequisite to bring this claim. No discovery is needed for Plaintiff to respond to the Motions to Dismiss given it raises purely legal arguments based exclusively on the facts alleged in the FAC [Doc. # 8] and materials incorporated therein. A stay of discovery is warranted under these circumstances.

## II. ARGUMENT

Staying discovery is an appropriate exercise of this Court's discretion. Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, this Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Stone v. Lockheed Martin Corp.*, No. 08–cv–02522–REB–KMT, 2009 WL 267688, at *1 (D. Colo. Feb. 2, 2009) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936)). In general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense." See Fed. R. Civ. P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004).

A stay is particularly warranted when a dispositive motion is pending and is particularly appropriate where jurisdictional issues have been raised. See *Vivid Techs., Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (October 11, 2019) (citing collective of stayed cases where jurisdiction or immunity are challenged); *Wyers Products Group v. Cequent Performance Products, Inc.*, No. 12–cv–02640–REB–KMT, 2013 WL 2466917, at *2 (D. Colo. June 7, 2013). The under color of state law requirement is a "jurisdictional requisite for a § 1983 action, which ... furthers the fundamental goals of 'preserv[ing] an area of individual freedom by limiting the reach of federal law ... [and] avoid[ing] imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.'" *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

In evaluating a request for a stay, courts consider what is commonly known as the *String Cheese* factors: (1) a plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, (2) the burden on the defendants, (3) the convenience to the court, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1104–05 (D. Colo. 2015) (citing *String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

The balance of these factors will demonstrate why none of the parties in this suit are well served in being involved in the "struggle over the substance of the suit" when a dispositive motion is pending. *See Commonwealth Prop. Advocates, LLC v. Deutsche Bank Trust Co. Americas*, No. 10–cv–00658–WDM–ME, 2011 WL 572386, at *3 (D. Colo. Feb. 14, 2011); *see also Lopez v. Gonzales*, No. 18-cv-03233-MEH, 2020 WL 417590, at 3*2 (D. Colo. Jan. 27, 2020) (citing *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"). As demonstrated below, the balance of the *String Cheese* factors favors a stay.

      A.      **THE RELATIVE INTERESTS OF THE PARTIES FAVOR A STAY**

The Court must first balance Plaintiff's desire to proceed expeditiously with the case against the attendant burdens on Defendants. *See Rainey v. Thorstad*, No. 12–cv–00945–CMA–MEH, 2012 WL 5931743, at *1 (D. Colo. Oct. 29, 2012). Here, the burden on Defendants outweighs Plaintiff's interests in proceeding forward, particularly if this Court agrees that Harroun was not acting under color of law during his encounter with Plaintiff, which is a jurisdictional prerequisite to maintain a federal action. *Jojola* 55 F.3d at 492. If the federal claims are dismissed, this Court should decline to exercise its supplemental jurisdiction over Plaintiff's LEIA claims.

The passage of time alone, which is an interest shared by "virtually all plaintiffs," does not justify proceeding forward under these circumstances. *Edwards v. Zenimax Media, Inc.*, No. 12–cv–00411–WYD–KLM, 2012 WL 1801981, at *2 (D. Colo. May 17, 2012) (finding the first factor "weighs in favor of a stay of discovery" when the plaintiff feared prejudice due to "stale or missing

5

evidence, unavailable and destroyed documents, increasingly unavailable or uninformed witnesses, and unmanageably short discovery deadlines."). Moreover, any fear Plaintiff may have over fading witness memories is unfounded, given the investigation of this incident is preserved in the records subject to a litigation hold, and given this incident occurred just eight months ago.

In contrast, the burdens facing Defendants should this case proceed will be significant because the City would not be subject to answering discovery at all if the claims against it are dismissed on its Motion to Dismiss. This is especially true where a determination on the City's Motion would be "dispositive" of the entire case against it, as is the situation here. *See Johnson v. Fankell*, 520 U.S. 911, 915 n.2 (1997) ("[W]hen a case can be dismissed on the pleadings or in an early pretrial stage, qualified immunity also provides officials with the valuable protection from the 'burdens of broad-reaching discovery.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

If discovery is allowed to proceed against the City before the jurisdictional determination is made, burdensome discovery conducted as to the *Monell* claim would have been for nothing and a complete waste of considerable public resources. *Monell* claims invariably entail significant discovery, and based upon Plaintiff's claims, would likely entail information on multiple years of training documents, along with numerous policies and procedures. Because the City liability turns on purely legal arguments that bear on jurisdiction, no discovery should be conducted while the Court makes a threshold determination on the City's dispositive motion.

Given the color of law determination makes the law of the case and would also lead to the dismissal of the federal claims brought against Harroun, proceeding with discovery against him is also unwarranted. About this, Courts have stated:

6

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685-686 (2009). Under this standard, a complete stay of discovery for *all* claims and Defendants is appropriately ordered. *Griffith v. El Paso Cnty., Colorado*, No. 21-cv-00387-CMA-NRN, 2022 WL 20286303, at *2 (D. Colo. Nov. 2, 2022) ("Proceeding with discovery on [p]laintiff's municipal liability claim … would both effectively deprive them the benefit of immunity and result in a risk of piecemeal discovery. The Court agrees it would be more efficient and convenient to stay all discovery."). Therefore, upon a balance of each party's interests, a stay of discovery is warranted pending the outcome of the City's Motion to Dismiss.

    **B.    THE INTERESTS OF THE COURT AND THE PUBLIC FAVOR A STAY**

A court will consider its own convenience and the public's general interest when ruling on a motion to stay discovery. *Rivera v. Littleton Hous. Auth.*, No. 13–cv–01949–KMT, 2014 WL 841511, at *1 (D. Colo. Mar. 4, 2014).

Because the Court can avoid potential discovery disputes related to Plaintiff's claims, scheduling matters involving multiple parties, and additional hearings and disputes concerning claims that may ultimately prove unnecessary, the Court's interest favors a stay. *Thompson v. Williams*, No. 21–cv–00602–RM–KMT, 2021 WL 4748663, at *7 (D. Colo. Oct. 12, 2021) ("Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward."); *Weise v. Colorado Springs, Colorado*, No. 17–cv–

7

02696–PAB–NYW, 2018 WL 1640254, at *7 (D. Colo. Apr. 5, 2018) ("A better course of action is simply to plan for and proceed with discovery once there is an understanding of which claims and Defendants will move forward."); *Estate of Thakuri v. City of Westminster*, No. 19-cv-02412-DDD-KLM, 2019 WL 6828306, at *3 (D. Colo. Dec. 12, 2019) ("It is certainly more efficient for the Court to handle, for example, discovery issues after initial dispositive motions have been adjudicated."); *Sgaggio v. Diaz*, No. 22–cv–02043–PAB–MDB, 2023 WL 22188, at *6 (D. Colo. Jan. 3, 2023) ("Indeed, judicial economy and resources would be wasted if the Court allowed discovery to proceed, only to later determine that this case must be dismissed in its entirety."). Granting a stay until the outcome of the Motion to Dismiss serves this Court because if the three federal claims are dismissed, the LEIA claims are best determined before a state court. *PopSockets LLC,* No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *4 (weighing this factor in favor of a stay where the case would fully resolve in the court in which it is pending).

There is neither any indication that staying discovery will adversely affect the public's interests, nor is there any indication that a third-party would be negatively impacted by the temporary stay. Instead, a stay would work to protect the various other City personnel and other witnesses Plaintiff will inevitably seek to depose. *See generally Hay v. Family Tree, Inc.*, No. 16–cv–03143–CMA–KLM, 2017 WL 2459777, at *2 (D. Colo. June 6, 2017) (finding this factor to weigh in favor of a stay, where discovery was likely to "involve significant efforts concerning others who are not party to th[e] lawsuit"). "Indeed, the public interest is served by avoiding what may be unnecessary expenses associated with allowing discovery at the present time." *Adams v. Wiley*, No. 09–cv–00612–MSK–KMT, 2009 WL 4730744, at *2 (D. Colo. Dec. 2, 2009) (citing Fed. R. Civ. P. 1). Substantial public resources could be conserved by postponing the need for

further complex litigation and discovery—including the preparation and exchange of initial disclosures and other voluminous discovery materials, as well as numerous witness depositions—until the Court determines which (if any) of Plaintiff's claims will proceed. *See, e.g.*, *Benton v. Town of South Fork*, No., No. 12–cv–00336–CMA–KMT, 2012 WL 4097715, at *6 (D. Colo. Sept. 18, 2012) ("this court finds that resolving the pending Motions to Dismiss, while perhaps not dispositive of the entire case, will clarify and streamline the claims and the proper defendants for more precise and productive discovery."); *Peterson v. O'Neal*, No. 22-cv-02773-RMR-MEH, 2023 WL 1993630, at *2 (D. Colo. Feb. 14, 2023) (granting stay due to pending immunity and jurisdictional challenges, stating: "The public has an interest in an efficient and just resolution of this case. Ensuring effective use of public resources best serves the public's interest.")

### III.   CONCLUSION

Due to the entirely legal nature of the challenges at issue, there is no discovery that is needed pending the Court's consideration of the color of law issue raised in the City's Motion to Dismiss. If the Court determines Defendant Harroun did not act under color of law, this dispositive resolution would be applicable to him as well, and all the federal claims in Plaintiff's suit would be dismissed. In that event, this Court may decline to exercise its supplemental jurisdiction over the LEIA claims, which would dispose of all claims presently pending before this Court. A stay of discovery will be the most efficient way to conserve time and public resources, as well as the efforts and resources of this Court.

**WHEREFORE**, Defendant respectfully requests that the Court enter an Order staying all further discovery and proceedings until such time it rules on the dispositive motions.

9

Respectfully submitted this 26th day of September, 2023.

                                    OFFICE OF THE CITY ATTORNEY

                                    *s/ Hollie R. Birkholz*
                                    Hollie R. Birkholz
                                    Julia A. Bannon
                                    Aurora Municipal Center, Suite 5300
                                    15151 East Alameda Parkway
                                    Aurora, Colorado 80012
                                    Telephone: (303) 739-7030
                                    Facsimile: (303) 739-7042
                                    Email: jbannon@auroragov.org
                                    hbirkhol@auroragov.org
                                    *Counsel for Defendant City of Aurora*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of September, 2023, I electronically filed the foregoing **DEFENDANT CITY OF AURORA'S PARTIALLY UNOPPOSED MOTION TO STAY DISCOVERY** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Zachary D. Warren, Esq.
zwarren@highlandslawfirm.com

Annika K. Adams, Esq.
aadams@highlandslawfirm.com

David M. Goddard, Esq.
dgoddard@brunolawyers.com

                                    *s/ Joanne Flaherty*
                                    Joanne Flaherty