IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-01241-CNS-SBP

WYOMA MARTINEZ,

    Plaintiff,

v.

DOUGLAS HARROUN, individually
CITY OF AURORA, COLORADO, a municipality,

    Defendants.

---

### ORDER DENYING MOTION TO CONTINUE OR VACATE SCHEDULING CONFERENCE

---

**Susan Prose, United States Magistrate Judge**

This matter is before the court on the motion of the City of Aurora (the "City") to continue or vacate the scheduling conference set for January 22, 2024, before this court. ECF No. 34 (the "Motion"). Judge Sweeney referred the Motion to this court. ECF No. 35 (Memorandum). As follows, the court DENIES the Motion.

The City requests that the conference be continued or vacated until its motion to dismiss (ECF No. 17, filed September 22, 2023), or at least until its objection (ECF No. 28) to this court's November 14, 2023 order (the "November 14 Order") denying a stay of discovery is resolved. This court denied the City's motion (ECF No. 19) to stay discovery because:

> Such stays are generally disfavored in this District. *See, e.g., Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). The court is not persuaded that the City has met the factors of *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL

> 894955 at *2 (D. Colo. Mar. 30, 2006), as required to show such a stay is warranted in the court's discretion.
>
> In particular, Plaintiff has an interest in expeditiously litigating the case, and although Defendant Harroun does not oppose the motion, he also did not join in it. This suggests the burden on the City in going forward with discovery is not undue, regardless that the City and Harroun's interests appear opposed on the issue the City raises in its motion to dismiss. Under these circumstances, the court declines to exercise its discretion to stay discovery. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990).

ECF No. 27 (order of November 14, 2023, paragraph break added). By separate order a week later, the court set the scheduling conference for January 22, 2024. ECF No. 29.

The City argues that its motion to dismiss challenges subject matter jurisdiction and that "[u]ntil a determination is made on [that] Motion to Dismiss, the Court lacks authority to take action and hold a scheduling conference." Motion at 2. The City cites no authority to support that its motion to dismiss deprives this court of jurisdiction to hold a scheduling conference. After all, an objection to a magistrate judge's order does not stay that order. *Esparza v. Bridgestone/Firestone, Inc.,* 200 F.R.D. 654, 655-56 (D. Colo. 2001).

Although the City does not expressly frame its present Motion as one for reconsideration, it is such. Courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). The Motion can also be considered a motion to stay the November 14 order. Such a motion would require showing, among other things, that the City is likely to succeed on its objection. *See, e.g., Mondragon v. Nosrak LLC,* 19-cv-1437-CMA-NRN, 2020 WL 8254285, at *2-3 (D. Colo. May 27, 2020).

Although the Motion does not expressly argue that this court clearly erred in denying the motion to stay (or on that basis, that the City's objection is likely to succeed), the court construes it as such. The City argues error because its motion to dismiss raises an issue of subject matter jurisdiction, and therefore, discovery (including the scheduling conference) should be stayed.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

The decision to stay discovery rests firmly in the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), but "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL

1063564, at *1 (D. Colo. Apr. 6, 2007); *see also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (internal quotation marks omitted). Ordinarily, this court looks more favorably on requests for stays of discovery pending the resolution of motions to dismiss that raise threshold issues like immunity and jurisdiction. *See, e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a motion to dismiss impacting immunity or jurisdictional issues").

In deciding whether to stay discovery, courts in this District typically consider these five factors: (1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident*, 2006 WL 894955, at *2.

As noted above, "courts in this District 'may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues." *Weidner v. McHale,* 1:23-cv-00339-NYW-SBP, 2023 WL 4660813, at *2 (D. Colo. July 20, 2023) (quoting *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019)). And in the motion to stay, the City framed the issue it raises in the motion to dismiss—whether Mr. Harroun was acting "under color of law" for purposes of Section 1983—as jurisdictional. However, this does not justify a stay in this case.

4

First, raising a jurisdictional issue only results in the court being "more inclined to stay discovery"—it does not guarantee a stay. The court must still exercise its discretion based on the *String Cheese* factors. Some jurisdictional issues have brighter lines than others. In this case, although the City frames the "color of state law" as jurisdictional in its *motion to stay,* it filed a Rule *12(b)(6)* motion (failure to state a claim), not a Rule 12(b)(1) motion (lack of subject matter jurisdiction). The motion to dismiss refers to the issue as jurisdictional but once. ECF No. 17 at 7. *See also* ECF No. 26 (the City's reply, referring to the issue as a "prerequisite," but again arguing only under Rule 12(b)(6)).

The City's somewhat inconsistent approach is actually consistent with the current state of the caselaw, which appears to consider "under color of state law" as **both** jurisdictional and an element. *See, e.g., Sturdivant v. Fine*, 22 F.4th 930, 935 (10th Cir. 2022) (referring to color of state law as an "element," but finding a lack of appellate jurisdiction over that issue); *Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("To invoke jurisdiction under § 1983, Mr. Whitehead must allege conduct under color of state law."); *Madden v. Madden*, 683 F. App'x 685, (Mem)–686 (10th Cir. 2017) ("A § 1983 plaintiff must show that the defendant acted under color of state law; it is both an "essential element," *West v. Atkins*, 487 U.S. 42, 49, . . . (1988), and a jurisdictional requirement, *Polk Cty. v. Dodson*, 454 U.S. 312, 315 . . . (1981); *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995)"); *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("under color or state law" is an "element"); *Wideman v. Watson*, 617 F. App'x 891, 893 (10th Cir. 2015) ("Absent an allegation of action under color of state law, Wideman's § 1983 cause of action is '*so patently without merit* as to justify the court's dismissal for want of jurisdiction,'" quoting *McKenzie v. USCIS,* 761 F.3d 1149, 1156 (10th Cir. 2014)).

5

And it is not particularly clear whether the Supreme Court, if asked now, would still consider this issue to be jurisdictional for Section 1983 claims. *Cf. Wilkins v. United States,* 598 U.S. 152, 159-60 (2023) ("[c]ourts, including this Court, have more than occasionally misused the term 'jurisdictional' to refer to nonjurisdictional prescriptions.").

The motion to dismiss, of course, is not referred to this court, and it is up to Judge Sweeney to decide these issues. This court simply notes that the question of whether "color of state law" is jurisdictional does not appear to this court to be so straightforward that the mere raising of the issue would in itself justify staying discovery.

More importantly, if a defendant is still likely to be subject to discovery (albeit as a third-party) even if it is dismissed from the case, there is little to no efficiency—for the court, the other parties, and perhaps even that defendant—in staying the case. *Cf. Burba v. United States,* No. 1:19-cv-00155-CMA-SKC, 2020 WL 4207518, at *2 (D. Colo. July 22, 2020) (no judicial economy in staying discovery when defendant raised jurisdictional issue only as to one claim in the case). In such circumstances, the potential prejudice to the defendant in requiring it to proceed with party discovery is far less, and the prejudice to the plaintiff in requiring them to wait, is far greater.

Those appear to be the circumstances of this case: if the City is successful on its motion to dismiss, it very likely will still be subject to third-party discovery from at least Ms. Martinez, if not also from Mr. Harroun. Mr. Harroun is no longer employed by the City, and as such appears unlikely to have in his possession, custody, or control all documents and information that are relevant to Ms. Martinez's claim against him. The City would, presumably, still have many records relevant to the litigation between Ms. Martinez and Mr. Harroun. And it is likely that Ms.

6

Martinez or Mr. Harroun will disclose remaining employees in the City's police department as potential witnesses.

All of these considerations factored into the November 14 Order. The burden to the City in moving forward with discovery will not be so great as to outweigh Ms. Martinez's interest in proceeding expeditiously. There do not appear to be any significant third-party interests. The court's convenience is facilitated by having the case proceed with discovery now, since as noted it appears the City will likely be required to respond to third-party discovery even if it is dismissed. The public's interest appears balanced and therefore neutral in the *String Cheese* analysis: there is a public interest in a citizen timely pursuing her civil rights, and there is also a public interest in the City not wasting taxpayer funds in unnecessary litigation costs. However, here, as noted, even if the City is dismissed, it is still likely to incur at least some litigation costs in responding to subpoenaed discovery.

Accordingly, because the City does not show clear error, manifest injustice, or a likelihood of success on its objection, the court in its discretion DENIES the motion to continue or vacate the scheduling conference. The telephonic scheduling conference remains as scheduled for January 22, 2024, at 9:30 a.m.[1]

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting

DATED: January 5, 2024

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

and the consequences of failing to object").