**IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01241-CNS-SBP

WYOMA MARTINEZ,

     Plaintiff,

v.

DOUGLAS HARROUN, individually; and,
CITY OF AURORA, Colorado, a municipality;

     Defendants.

---

**DEFENDANT HARROUN'S ANSWER TO PLAINTIFF'S
SECOND AMENDED COMPLAINT [ECF 54]**

---

Defendant Harroun, by and through their undersigned counsel of record, submit the following Answer to Plaintiff's Second Amended Compliant and Jury Demand [ECF 54] as follows:

**ANSWER TO AMENDED CIVIL RIGHTS COMPLAINT AND JURY DEMAND**

## I.     INTRODUCTION

Defendant Harroun denies the allegations, averments, legal conclusions and characterizations contained in the Introduction.

## II.     JURISDICTION AND VENUE

1.     Defendant Harroun admits the allegations and averments contained in Paragraphs 1, 2, and 3 of Plaintiff's Second Amended Complaint.

2. Defendant Harroun is without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in Paragraph 4 of the Plaintiff's Second Amended Complaint and therefore deny same.

### III.   PARTIES

3. Defendant Harroun is without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in Paragraphs 5 and 9 of the Plaintiff's Second Amended Complaint and therefore deny same.

4. Defendant Harroun admits he is a citizen of the United States and a resident of the State of Colorado. Defendant Harroun further admits that he believed he was acting in his capacity as a law enforcement officer with the Aurora Police Department. The remainder of Paragraph 6 of Plaintiff's Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required Defendant denies the remaining allegations and averments contained in Paragraph 6 of the Plaintiff's Second Amended Complaint.

5. Paragraph 7 of Plaintiff's Second Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant Harroun denies the allegations and averments contained in Paragraph 7 of the Plaintiff's Second Amended Complaint.

6. Defendant Harroun admits the allegations and averments contained in Paragraphs 8 and 10 of the Plaintiff's Second Amended Complaint.

## IV.   **FACTUAL ALLEGATIONS**

Defendant Harroun denies the allegations, averments, legal conclusions and characterizations contained in the unnumbered section headings in the factual allegations section of the Plaintiff's Second Amended Complaint.

7.      Defendant Harroun is without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in Paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 33, 43, 44, 48, 51, 55, 57, 58, 63, 64, 73, 77, 79, 82, 83, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 110, 115, 116, 117, 118, 119, 120, 123, 126, 127, 128, 129, 130, 131, 134, 135, 136, 137, 138, 139, 140, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 167, 169, 172, 174, 175, 176, 177, 178, 181, 183, 189, 192, 193, 195, 197, 198, 202, and 203  and therefore denies same.

8.      Defendant Harroun denies the allegations and averments contained in Paragraphs 21, 26, 28, 29, 34, 35, 36, 37, 38, 39, 40, 41, 49, 52, 53, 54, 56, 65, 67, 70, 71, 76, 104, 107, 108, 112, 113, 114, 168, 182, 184, 190, 199, and 201 of Plaintiff's Second Amended Complaint.

9.      Defendant Harroun admits the allegations and averments contained in Paragraph 25, 61, 74, 75, 111, 191 of the Plaintiff's Second Amended Complaint.

10.     Defendant Harroun admits the Plaintiff turned towards Defendant Harroun's vehicle and threw up her hands. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 27 of the Plaintiff's Second Amended Complaint.

11.     Defendant Harroun admits he identified himself as a law enforcement office and encouraged Plaintiff to call law enforcement, stating he was a cop. Defendant Harroun

denies the remaining allegations and averments contained in Paragraph 30 of the Plaintiff's Second Amended Complaint.

12.     Defendant Harroun's admits his wife confirmed that Defendant Harroun identified himself as a law enforcement officer when she called 9-1-1. Defendant Harroun further admits that his wife stated that when Defendant Harroun exited the vehicle and Plaintiff said she was calling the police Defendant Harroun responded "Go ahead, I'm a cop." Defendant Harroun admits that his wife stated that Defendant Harroun had detained Plaintiff. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 31 of the Plaintiff's Second Amended Complaint.

13.     Defendant Harroun admits that he confirmed to the Plaintiff that he was a police officer. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 32 of the Plaintiff's Second Amended Complaint.

14.     Defendant Harroun admits Plaintiff reached into her pocket. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 42 of the Plaintiff's Second Amended Complaint.

15.     Defendant Harroun admits that Plaintiff produced and threatened Defendant Harroun with what appeared to be bear spray or mace. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 45 of the Plaintiff's Second Amended Complaint.

16.     Defendant Harroun admits that he believed he was acting under Aurora Police Department's off-duty directive when he disarmed and detained Plaintiff. Defendant

Harroun denies the remaining allegations and averments contained in Paragraph 46 of the Plaintiff's Second Amended Complaint.

17.    Defendant Harroun admits he identified himself as a police officer and produced his badge. Defendant Harroun further admits that for his safety, and that of his wife, using Aurora Police Department approved and trained techniques, he took Plaintiff to the ground to disarm and detain her. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 47 of the Plaintiff's Second Amended Complaint.

18.    Defendant Harroun admits he provided his badge identification number to a witness when requested. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 50 of the Plaintiff's Second Amended Complaint.

19.    Defendant Harroun admits that Aurora Police Association President Paul Cancino called Defendant Harroun during this incident to check on him regarding two critical incidents in the past two weeks Defendant Harroun had been involved in, and that Defendant Harroun told Officer Cancino he was arresting a lady who tried to pepper spray him and he took the pepper spray away and called 9-1-1. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 59 of the Plaintiff's Second Amended Complaint.

20.    Defendant Harroun admits APD Patrol Deputy Alexandre Diz arrived first on scene and spoke with Defendant Harroun, and that this was captured on Officer Diz's body-worn camera. Defendant Harroun further admits that he advised Officer Diz, as shown on the body-worn camera that he had identified himself to Plaintiff as a law enforcement officer and had provided her with his badge number. Defendant Harroun denies the remaining

allegations and averments contained in Paragraph 60 of the Plaintiff's Second Amended Complaint.

21.     Defendant Harroun admits he told APD Officer Everett Williams that he was "just disarming" the Plaintiff. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 62 of the Plaintiff's Second Amended Complaint.

22.     Defendant Harroun admits that he was interviewed by Officers and denied punching or striking Plaintiff. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 66 of the Plaintiff's Second Amended Complaint.

23.     Defendant Harroun admits he used arrest control tactics he learned from the Police Department and told responding officers he did a progressive pivot, took Plaintiff to the ground and disarmed her from the mace because he felt a fear for his vision and safety. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 68 of the Plaintiff's Second Amended Complaint.

24.     Defendant Harroun denies he used excessive force. Defendant Harroun is without knowledge sufficient to admit or deny the remaining allegations and averments contained in Paragraph 69 of the Plaintiff's Second Amended Complaint, and therefore denies same.

25.     With respect to the allegations and averments contained in Paragraph 72 of Plaintiff's Amended Complaint, Defendant Harroun admits he responded to this incident both as a member of the public and as an off-duty officer, acting pursuant to the Aurora Police Department off duty directive, and exercised his rights and obligations under Colorado law to defend himself and others from the threat of being maced. Defendant Harroun denies the

remainder of the allegations and averments contained in Paragraph 72 of Plaintiff's Amended Complaint.

26.     Defendant Harroun denies allegations of punches and strangulation. Defendant Harroun is without sufficient knowledge to admit or deny the remaining allegations and averments contained in Paragraph 78 of Plaintiff's Second Amended Complaint, and therefore deny same.

27.     Defendant Harroun admits ACSO Deputy Keith Basile testified during a preliminary hearing in Defendant Harroun's criminal case. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 80 of the Plaintiff's Second Amended Complaint.

28.     Defendant Harroun is without sufficient knowledge or information with respect to Deputy Basile's precise testimony and therefore deny the allegations and averments contained in Paragraph 81 of the Plaintiff's Second Amended Complaint.

29.     With respect to the allegations and averments contained in Paragraph 84 of Plaintiff's Second Amended Complaint, Defendant Harroun admits that RN Saldate concluded the Plaintiff suffered serious bodily injury. Defendant Harroun further admits this conclusion occurred after a physician at Centennial Medical Plaza determined that Plaintiff had not suffered serious bodily injury. Defendant Harroun is without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in Paragraph 84 of Plaintiff's Amended Complaint, and therefore denies the same.

30.     With respect to the allegations and averments contained in Paragraph 85 of Plaintiff's Second Amended Complaint, Defendant Harroun admits that nurse Saldate testified during

a preliminary hearing in Defendant Harroun's criminal case. Defendant Harroun is without sufficient knowledge or information with respect to the precise testimony to form a belief as to the truth of the allegations and averments contained in paragraph 85 of Plaintiff's Amended Complaint, and therefore denies the same.

31. Defendant Harroun admits use of force was investigated by ACSO. Defendant Harroun is without sufficient information and knowledge to admit or deny the remaining allegations contained in Paragraph 101 of the Plaintiff's Second Amended Complaint, and therefore deny same.

32. Defendant Harroun admits he was arrested. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 102 of the Plaintiff's Second Amended Complaint.

33. With respect to the allegations and averments contained in Paragraph 103 of Plaintiff's Second Amended Complaint, Defendant Harroun denies that Plaintiff was subjected to an unconstitutional arrest or unconstitutional use of force during this incident. Defendant Harroun admits the remainder of the allegations and averments contained in Paragraph 103 of Plaintiff's Amended Complaint.

34. Defendant Harroun admits he was placed on administrative leave following an officer involved shooting. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 105 of the Plaintiff's Second Amended Complaint.

35. With respect to the allegations and averments contained in Paragraph 106 of Plaintiff's Second Amended Complaint, Defendant Harroun admits he faces criminal charges from the December 31, 2022, officer-involved shooting incident. Defendant Harroun denies the

remainder of the allegations and averments contained in Paragraph 106 of Plaintiff's Second Amended Complaint.

36.     With respect to the allegations and averments contained in Paragraph 109 of Plaintiff's Second Amended Complaint, Defendant Harroun admits he retained his badge and remained a certified police officer employed by the Aurora Police Department subject to all duties and obligations under state law related to a peace officer's authority and policies of the Aurora Police Department. Defendant Harroun is without sufficient knowledge or information to form a belief as to the truth of the allegations and averments contained in paragraph 109 of Plaintiff's Second Amended Complaint, and therefore denies the same.

37.     Defendant Harroun denies he was not a suitable candidate and had a propensity for violence. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 121 of Plaintiff's Second Amended Complaint, and therefore deny same.

38.     Defendant Harroun denies he used unlawful excessive force against the Plaintiff. The remaining allegations and averments contained in Paragraph 122 of the Plaintiff's Second Complaint are a legal conclusion to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 122 of the Plaintiff's Second Amended Complaint.

39.     The allegations and averments contained in Paragraphs 124, 125, 166, 171, 187, and 188 of the Plaintiff's Second Complaint are a legal conclusion to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations

and averments contained in Paragraphs 124, 125, 166, 171, 187, and 188 of the Plaintiff's Second Amended Complaint.

40.  With respect to the allegations and averments contained in Paragraph 132 of Plaintiff's Second Amended Complaint, Defendant Harroun denies that his conduct was unlawful. The remainder of the allegations and averments contained in paragraph 96 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 132 of Plaintiff's Second Amended Complaint.

41.  Defendant Harroun denies he attacked Plaintiff. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 133 of the Plaintiff's Second Amended Complaint, and therefore deny same.

42.  Defendant Harroun denies he violated Plaintiff's rights. Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 141 of the Plaintiff's Second Amended Complaint, and therefore deny same.

43.  Defendant Harroun denies use of excessive force against the Plaintiff. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 170 of the Plaintiff's Second Amended Complaint, and therefore deny same.

44.  Defendant Harroun denies Plaintiff was assault. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 173 of the Plaintiff's Second Amended Complaint, and therefore deny same.

45.     Defendant Harroun denies he violently attacked Plaintiff. The remainder of the allegations and averments contained in paragraph 179 of the Plaintiff's Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in paragraph 179 of the Plaintiff's Second Amended Complaint.

46.     Defendant Harroun denies he immediately tailed Plaintiff in his vehicle, made threatening, aggressive statements and movements towards her. Defendant Harroun further denies he, without warning, grabbed and twisted Plaintiff's arm while punching her in the face, despite her being alone, unarmed and not having committed a crime. Defendant Harroun is without sufficient information and knowledge as to the remaining allegations and averments contained in Paragraph 180 of the Plaintiff's Second Amended Complaint, and therefore deny same.

47.     Defendant Harroun denies he carried out his responsibilities in an unconstitutional manner. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 185 of the Plaintiff's Second Amended Complaint, and therefore deny same.

48.     Defendant Harroun denies he violated Plaintiff's constitutional rights. The remainder of the allegations and averments contained in Paragraph 186 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 186 of Plaintiff's Second Amended Complaint.

49.     Defendant Harroun denies Plaintiff was assault. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 196 of the Plaintiff's Second Amended Complaint, and therefore deny same.

50.     Defendant Harroun denies Plaintiff was assault. The remainder of the allegations and averments contained in Paragraph 200 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 200 of Plaintiff's Second Amended Complaint.

51.     Defendant Harroun denies he attached the Plaintiff. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 204 of the Plaintiff's Second Amended Complaint, and therefore deny same.

52.     Defendant Harroun denies Plaintiff sufferance any abuse. The remainder of the allegations and averments contained in Paragraph 205 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 205 of Plaintiff's Second Amended Complaint.

53.     Defendant Harroun denies there was excessive and unwarranted force utilized against the Plaintiff. Defendant Harroun is without sufficient knowledge or information as to the remaining allegations and averments contained in Paragraph 206 of the Plaintiff's Second Amended Complaint, and therefore deny same.

54.     Defendant Harroun denies that he perpetrated a brutal attack against the Plaintiff. The remainder of the allegations and averments contained in Paragraph 207 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 207 of Plaintiff's Second Amended Complaint.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force
### Violations of the 4th Amendment
(Plaintiff Against Defendant Harroun)

55.     Paragraph 208 is an incorporation Paragraph requiring no response. To the extent a response may be required, Defendant Harroun denies the allegations and averments contained in Paragraph 208.

56.     Defendant Harroun admits the allegations and averments contained in Paragraph 209 of the Plaintiff's Second Amended Complaint.

57.     Defendant admits he believed at all times relevant he was acting under the color of state law in his capacity as an Aurora police officer. The remainder of the allegations and averments contained in Paragraph 210 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 210 of Plaintiff's Second Amended Complaint.

58.     The allegations and averments contained in Paragraphs 211 and 212 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun

denies the remaining allegations and averments contained in Paragraphs 211 and 212 of Plaintiff's Second Amended Complaint.

59.     Defendant Harroun denies the allegations and averments contained in Paragraphs 213, 214, 215, 216, 217, 218 and 219 of the Plaintiff's Second Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Seizure/False Arrest**
**Violations of the 4th Amendment**
(Plaintiff against Defendant Harroun)

59.     Paragraph 220 is an incorporation Paragraph requiring no response. To the extent a response may be required, Defendant Harroun denies the allegations and averments contained in Paragraph 220.

60.     With respect to Paragraph 221 of Plaintiff's Second Amended Complaint, Defendant Harroun admits he believed he was acting under the color of state law with respect to his actions and inactions at all times relevant to this action.

61.     Defendant Harroun denies the allegations and averments contained in Paragraphs 222, 223, 225, 226, 227 and 228 of Plaintiff's Second Amended Complaint.

62.     Defendant Harroun admits the allegations and averments contained in Paragraph 224 of Plaintiff's Second Amended Complaint.

**THIRD CLAIM FOR RELIEF**
**42 U.S.C § 1983 – Failure to hire, Investigate, Train, Supervise, and Discipline**
***Monell Claim***
*(Plaintiff Against Defendant Aurora)*

63.     Paragraph 229 is an incorporation Paragraph requiring no response. To the extent a response may be required, Defendant Harroun denies the allegations and averments contained in Paragraph 229.

64.     Defendant Harroun denies a constitutional violation. The remainder of the allegations and averments contained in Paragraph 230 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 230 of Plaintiff's Second Amended Complaint.

65.     The allegations and averments contained in Paragraphs 231, 233, 242 and 245 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the allegations and averments contained in Paragraph 231, 233, 242 and 245 of Plaintiff's Second Amended Complaint.

66.     Defendant Harroun denies the allegations and averments contained in Paragraphs 232, 235 and 236 of the Plaintiff's Second Amended Complaint.

67.     Defendant Harroun is without sufficient knowledge or information to admit or deny the allegations contained in Paragraphs, 234, 237, 238, and 239 of the Plaintiff's Second Amended Complaint.

68.     Defendant Harroun denies a constitutional violation. The remainder of the allegations and averments contained in Paragraphs 240, 241, and 243 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraphs 240, 241, and 243 of Plaintiff's Second Amended Complaint.

69.     With respect to the allegations and averments contained in Paragraph 244 of Plaintiff's Second Amended Complaint, Defendant Harroun denies he assaulted the Plaintiff. Defendant Harroun is without sufficient knowledge or information to form a belief as to

the truth of the allegations and averments regarding plaintiff's alleged damages contained in Paragraph 244 of Plaintiff's Amended Complaint, and therefore denies the same. The remainder of the allegations and averments contained in Paragraph 244 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 244 of Plaintiff's Amended Complaint.

**FOURTH CLAIM FOR RELIEF**
**Colo. rev. Stat. § 13-21-131**
**Colo. Const. Art. II, Section 7 – Excessive Force**
(Against Defendant Harroun)

70.    Paragraph 246 is an incorporation Paragraph requiring no response. To the extent a response may be required, Defendant Harroun denies the allegations and averments contained in Paragraph 246.

71.    Defendant Harroun admits the allegations and averments contained in Paragraph 247 of the Plaintiff's Second Amended Complaint.

72.    With respect to Paragraph 248 of Plaintiff's Second Amended Complaint, Defendant Harroun admits that at all relevant times he believed he was acting under color of state law in his capacity as an Aurora Police Department law enforcement officer.

73.    The allegations and averments contained in Paragraph 249 state a legal conclusion to which no response is required. To the extent a response is required, Defendant Harroun denies the remaining allegations and averments contained in Paragraph 249 of Plaintiff's Second Amended Complaint.

74.    Defendant Harroun denies the allegations and averments contained in Paragraphs 250, 251, 252, 253, 254, 255, 256, 257 of Plaintiff's Second Amended Complaint.

75.     With respect to the allegations and averments contained in Paragraph 258 of Plaintiff's Second Amended Complaint, Defendant Harroun denies any constitutional right of plaintiff was violated. Defendant Harroun admits that, as his employer at the time of the incident, the City of Aurora has certain indemnification obligations under C.R.S. § 13-21-131. The remainder of the allegations and averments contained in Paragraph 258 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 258 of Plaintiff's Second Amended Complaint.

76.     With respect to the allegations and averments contained in Paragraph 259 of Plaintiff's Second Amended Complaint, Defendant Harroun admits that Plaintiff has accurately cited and quoted portions of C.R.S. § 13-21-131(4)(a). The remainder of the allegations and averments contained in Paragraph 259 state legal conclusions to which no response is required.  To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 259 of Plaintiff's Second Amended Complaint.

77.     With respect to the allegations and averments contained in Paragraph 260 of Plaintiff's Second Amended Complaint, Defendant Harroun admits that Plaintiff has accurately cited and quoted portions of C.R.S. § 13-21-131(4)(a).  The remainder of the allegations and averments and footnote contained in paragraph 260 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 260 of Plaintiff's Second Amended Complaint.

78.    With respect to the allegations and averments contained in Paragraph 261 of Plaintiff's Second Amended Complaint, Defendant Harroun denies any deprivation of Plaintiff's civil rights. The remainder of the allegations and averments contained in Paragraph 261 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 261 of Plaintiff's Second Amended Complaint.

79.    With respect to the allegations and averments contained in Paragraph 262 of Plaintiff's Second Amended Complaint, Defendant Harroun denies any deprivation of Plaintiff's civil rights. The remainder of the allegations and averments contained in Paragraph 262 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 262 of Plaintiff's Second Amended Complaint.

80.    With respect to the allegations and averments contained in Paragraph 263 of Plaintiff's Second Amended Complaint, Defendant Harroun denies using any unlawful force against the plaintiff. The remainder of the allegations and averments contained in Paragraph 263 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 263 of Plaintiff's Second Amended Complaint.

81.    Defendant Harroun is without sufficient knowledge and information to admit or deny the allegations and averments contained in Paragraph 264 of Plaintiff's Second Amended Complaint, and therefore deny same.

82.    Defendant Harroun denies the allegations and averments contained in Paragraphs 265 and 268 of the Plaintiff's Second Amended Complaint.

83.    With respect to the allegations and averments contained in Paragraph 266 of Plaintiff's Second Amended Complaint, Defendant Harroun denies that he is or ever was a risk, exceptional or otherwise, to the community. Defendant Harroun is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations and averments contained in Paragraph 266 of Plaintiff's Second Amended Complaint, and therefore denies the same.

84.    With respect to the allegations and averments contained in Paragraph 267 of Plaintiff's Second Amended Complaint, Defendant Harroun denies that he violated any constitutional right of plaintiff. Defendant Harroun admits that he was acting within the course and scope of his employment. The remainder of the allegations and averments contained in Paragraph 267 state legal conclusions to which no response is required.  To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 267 of Plaintiff's Second Amended Complaint.

**FIFTH CLAIM FOR RELIEF**
**C.R.S. § 13-21-131**
**Colo. Const. Art. II, Section 25, Denial of Equal Protection**
(Against Defendant Harroun)

85.    Paragraph 269 is an incorporation Paragraph requiring no response. To the extent a response may be required, Defendant Harroun denies the allegations and averments contained in Paragraph 269.

86.    Defendant Harroun admits he is a peace officer under C.R.S. § 24-31-901(3) employed by a local government and therefore subject to C.R.S. § 13-21-131. Defendant Harroun is

without knowledge and information as to the remaining allegations contained in Paragraph 270 of the Plaintiff's Second Amended Complaint, and therefore denies same.

87.   With respect to the allegations and averments contained in Paragraph 271 of the Plaintiff's Second Amended Complaint, Defendant Harroun admits at all times relevant hereto, he believed he was acting under the color of statement law in his capacity as an Aurora law enforcement office.

88.   The allegations and averments contained in Paragraph 272, 293 and 295 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 272, 293 and 295 of Plaintiff's Second Amended Complaint.

89.   Defendant Harroun denies the allegations and averments contained in paragraphs 273, 275, 276, 277, 278, 279, 280, 281, 291 and 296 of the Plaintiff's Second Amended Complaint.

90.   Defendant Harroun is without sufficient knowledge and information to admit or deny the allegations and averments contained in Paragraph 274, 286, 288, 290 and 294 of the Plaintiff's Second Amended Complaint, and therefore deny same.

91.   Defendant Harroun denies constitutional violations of Plaintiff. The remainder of the allegations and averments contained in Paragraph 282 of Plaintiff's Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 282 of Plaintiff's Second Amended Complaint.

92.   Defendant Harroun admits the allegations and averments contained in Paragraphs 284 and 285 of the Plaintiff's Second Amended Complaint.

93.     With respect to the allegations and averments contained in Paragraph 283 of Plaintiff's Second Amended Complaint, Defendant Harroun denies that he violated any constitutional right of plaintiff. Defendant Harroun admits that the City of Aurora has an obligation to indemnify him under C.R.S. § 13-21-131(4)(a). The remainder of the allegations and averments contained in paragraph 283 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 283 of Plaintiff's Second Amended Complaint.

94.     With respect to the allegations and averments contained in Paragraph 287 of Plaintiff's Second Amended Complaint, Defendant Harroun denies that Plaintiff suffered harm. The remainder of the allegations and averments contained in Paragraph 287 state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 287 of Plaintiff's Second Amended Complaint.

95.     Defendant Harroun admits Aurora, through the Civil Service Commission, hired him as an officer in 2020. Defendant Harroun denies the remaining allegations and averments contained in Paragraph 289 of the Plaintiff's Second Amended Complaint.

96.     Defendant Harroun denies constitutional violations of Plaintiff. The remainder of the allegations and averments contained in Paragraph 292 of Plaintiff's Second Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant Harroun denies the remainder of the allegations and averments contained in Paragraph 292 of Plaintiff's Second Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

Plaintiff's Prayer for Relief is void of a claim or allegation of any kind and, therefore, a response is not required. To the extent a response is required, Defendant Harroun denies the allegations contained in the Prayer for Relief of Plaintiff's Second Amended Complaint.

## GENERAL DENIAL

Defendant Harroun denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant Harroun asserts the following affirmative defenses:

1.      Plaintiff's Second Amended Complaint, and each and every claim for relief set forth therein, fails to state a valid claim upon which the relief prayed for may be granted.

2.      Plaintiff has failed to mitigate her damages.

3.      Defendant Harroun, is entitled to Qualified Immunity inasmuch as his actions did not violate the constitutional rights of Plaintiff, did not violate clearly established law at the time of the events at issue, and were undertaken with a good faith belief in the lawfulness of his actions. The actions of Defendant Harroun were objectively reasonable under the circumstances with which he was confronted.

4.      Plaintiff's injuries, damages, and losses, if any, were the result of Plaintiff's own negligent, intentional, and/or unlawful conduct.

5.      Subject matter jurisdiction is lacking inasmuch as Plaintiff's claims fail to rise to the level of a deprivation of federal constitutional rights.

6.      At all times material hereto, Plaintiff was accorded all rights, privileges and immunities guaranteed to her by the Constitutions and laws of the United States and the State of Colorado.

7.      Plaintiff's damages, if any, are not to the extent and nature as alleged by Plaintiff.

8.      At all times relevant to the instant matter, Defendant Harroun was properly exercising his public duties, police powers and authority vested in him by virtue of C.R.S. §§ 16-3-101, 16-3-102, 16-3-103, 18-1-704 and 18-1-707.

9.      Defendant's actions were at all times objectively reasonable and in furtherance of legitimate law enforcement purposes and were at all times legally privileged.

10.     Plaintiff's claims against Defendant Harroun are substantially frivolous and groundless, entitling Defendant Harroun to recover his reasonable expenses, including attorneys' fees, pursuant to 42 U.S.C. §1988, Fed. R. Civ. P. Rule 11, and C.R.S. 13-21-131(3).

11.     Defendant reserves the right to assert any and all additional affirmative defenses.

## JURY DEMAND

Defendants hereby demands that this case be tried to a jury pursuant to Fed. R. Civ. P. 38.

    Dated this 1st day of March, 2024.

                                    *s/ David M. Goddard* _____
                                    David M. Goddard
                                    Bruno, Colin, Goddard & Lowe, P.C.
                                    1120 Lincoln Street, Suite 1606
                                    Denver, CO  80203
                                    Telephone: (303) 831-1099
                                    dgoddard@brunolawyers.com
                                    *Counsel for Defendant Harroun, in his individual capacities*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2024 a true and correct copy of the foregoing **DEFENDANT HARROUN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** was filed via CM/ECF which will electronically serve the following:

Zachary D. Warren
Annika K. Adams
Highlands Law Firm
501 S. Cherry St, 11th Floor
Denver, CO 80246
zwarren@highlandslawfirm.com
aadams@highlandslawfirm.com
*Attorney for Plaintiff*


Hollie R. Birkholz
Julia A. Bannon
Aurora Municipal Center, Suite 5300
15151 East Alameda Parkway
Aurora, Colorado 80012
hbirkhol@auroragov.org
jbannon@auroragov.org
*Attorney for Defendant City of Aurora*


<em>s/ Julie Bozeman</em>_____<br>
Julie Bozeman, Paralegal<br>
Bruno, Colin &amp; Lowe, P.C.