IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01241-CNS-SBP

WYOMA MARTINEZ,

    Plaintiff,

v.

DOUGLAS HARROUN, individually, and
CITY OF AURORA, COLORADO, a municipality,

    Defendants.

## ORDER

Before the Court is Defendant City of Aurora's Motion to Certify the Court's January 6, 2025 [#71] Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). ECF No. 74. No party opposes the motion. ECF No. 79. The question for certification is whether Defendant Harroun was acting under color of law. For the following reasons, the motion is GRANTED.

### I. BACKGROUND[1]

**A. Factual Background**

On January 11, 2023, Plaintiff Wyoma Martinez was attacked by Douglas Harroun, then an Aurora Police Department officer who had recently been placed on administrative

---

[1] The Court's order denying the motion to dismiss, ECF No. 60, includes a more detailed background. The Court will only repeat the factual allegations relevant to question of whether Defendant Harroun was acting under color of law.

1

leave. ECF No. 54, ¶ 1. The administrative leave memorandum that Defendant Harroun signed stated, "You will not take any action as a sworn police officer." ECF No. 17-1.

During the attack, Defendant Harroun repeatedly identified himself as a law enforcement officer. *Id.*, ¶¶ 30, 31, 33, 37, 48. He also flashed his badge and repeatedly provided his badge number. *Id.*, ¶¶ 33, 50. Ms. Martinez alleges that Defendant Harroun acted "under the APD's Off-Duty Directive," which authorizes officers to use discretion to "take official police action" to "protect life" and "prevent bodily injury," and authorizes officers to use force to effectuate an arrest. *Id.* ¶¶ 46, 59, 72. Ms. Martinez also alleges that Defendant Harroun retained his badge after he was placed on leave, along with "all the attending powers and authorities that come with it, including the authority and ability to detain civilians, effectuate an arrest, and use force while off-duty." *Id.*, ¶ 109.

### B. Procedural Background

Plaintiff filed her first amended complaint on July 21, 2023. ECF No. 8. On September 22, 2023, the City of Aurora (the City) filed a motion to dismiss the first amended complaint, arguing that Defendant Harroun was not acting under color of law. ECF No. 17. The Court held a hearing for oral argument on February 9, 2024, and granted the motion to dismiss while allowing Plaintiff to amend her complaint. ECF No. 52. Plaintiff filed a second amended complaint on February 16, 2024. ECF No. 54. The second amended complaint contained additional allegations about the police authority that Defendant Harroun allegedly retained after he was placed on administrative leave. *See id.* The City moved to dismiss the second amended complaint on February 29, 2024. ECF No. 55. The City submitted a notice of supplemental authority on August 9, 2024,

discussing the Supreme Court decision in *Lindke v. Freed*, 601 U.S. 187 (2024). ECF No. 59. The Court denied the motion to dismiss on September 18, 2024. ECF No. 60.

On October 7, 2024, the City filed a motion to reconsider. ECF No. 62. The Court denied the motion. ECF No. 71. On January 21, 2025, the City filed the present motion for an order to certify the January 6, 2025 order for interlocutory appeal, on the question of whether Defendant Harroun was acting under color of law. ECF No. 74. Plaintiff initially opposed the motion. *See* ECF No. 77. However, on February 26, 2025, the parties filed a joint notice informing the Court that the parties agreed that an interlocutory appeal would be the quickest and most efficient outcome, and that no party opposes certification. ECF No. 79.

## II. STANDARD OF REVIEW

In determining when certification for interlocutory appeal is appropriate, 28 U.S.C § 1292(b) provides that,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal of the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Under this statute, an issue may be certified for interlocutory appeal in a civil action where the court concludes that: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to the resolution of that question; and (3) it appears that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Dorato v. Smith*, 163 F. Supp. 3d 837, 893 (D.N.M. 2015).

3

Certification of appeal is limited to "extraordinary cases" where "extended and expensive proceedings" are avoided by immediate decisions on controlling questions. *Utah ex. Rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994). "To routinely certify orders under § 1292(b) would be contrary to congressional intent." *Vandiver v. MG Billings Limited*, 12-cv-02960-CNS-MDB, 2023 WL 3247286, at *1 (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996)).

### III.  DISCUSSION

The Court finds that its January 6, 2025 order involves a controlling question of law, a substantial difference of opinion exists, and an appeal would materially advance the ultimate termination of the litigation. Thus, the Court grants the motion for certification of its order for interlocutory appeal.

#### A.  The Court's Order Involves a Controlling Question of Law

In determining whether an order involves a controlling question of law, "the critical requirement is that the question be one having the potential for substantially accelerating disposition of the litigation. If the correct answer to the question will end the matter pending, the question is controlling." *In re Grand Jury Proc. June 1991*, 767 F. Supp. 222, 225 (D. Colo. July 3, 1991). "A legal issue need not be dispositive to be controlling, but it must at least materially affect the outcome of the case." *XTO Energy, Inc. V. ATD, LLC*, 189 F. Supp. 3d 1174, 1193–94 (D.N.M. 2016) (citing *In Re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002). A question is also controlling if it would "constitute reversible error on final appeal if the district court arrived at the wrong legal conclusion." XTO Energy, Inc. v. ATD, LLC, 189 F. Supp. 3d 1174, 1194 (D.N.M. 2016).

4

Here, the question of whether Defendant Harroun was acting under color of law is controlling. If the Tenth Circuit determines that he was not, the case would be dismissed. Similarly, the Court's finding that Defendant Harroun was acting under color of law would constitute reversible error on final appeal if the Tenth Circuit determined that the Court had arrived at the wrong conclusion. While the question of whether an individual was acting under color of law is generally a mixed question of law and fact, here, the facts are undisputed, so the appeal would involve a purely legal determination. *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Thus, the question of whether Defendant Harroun was acting under color of law is a controlling question of law.

### B. Substantial Ground for Difference of Opinion Exists

The Court must next determine whether there is substantial ground for difference of opinion regarding whether officers on administrative leave can act under color of law. A substantial ground for difference of opinion may exist where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 6298, 633 (9th Cir. 2010).

The Tenth Circuit has not opined on whether an officer on administrative leave, rather than merely off duty, is acting under color of law. Additionally, the circuits are in dispute on how to distinguish the misuse of authority from the absence of authority in similar contexts, particularly after the Supreme Court's new articulation of the color-of-law framework. *See, e.g., Gibson v. City of Chicago*, 910 F.2d 1510 (7th Cir. 1990) (holding that officer on leave who had been divested of all police power was not acting under color

5

of law); *Mackey v. Rising*, 106 F.4th 552 (6th Cir. 2024) (discussing jurisprudence on police officers' use of force in light of *Lindke*); *Lindke*, 601 U.S. at 188 (holding that a public official's speech on social media constitutes state action if the official "(1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media."). The question is also novel, as the Court knows of no other court that has addressed whether an officer on administrative leave retains any actual authority under the first prong of the test articulated in *Lindke*.

### C. Appeal Would Materially Advance the Ultimate Termination of Litigation

As discussed above, certification of interlocutory appeal will materially advance the ultimate termination of the litigation. "An immediate appeal advances termination if it would (1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *XTO Energy, Inc.*, 189 F.Supp.3d at 1195. An appeal would not materially advance the ultimate termination of litigation when the litigation will be conducted in the same manner regardless of the court's decision. *Id.* In determining whether an appeal will materially advance the litigation's termination, the court must "review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." *Id*.

Here, the color of law question is dispositive for each claim. Resolving the question would either eliminate the case, or would eliminate the most complex issue. It would clarify the law on whether, and in what circumstances, officers on administrative leave can act

under color of law. At this stage in litigation, the facts are not in dispute and the parties have conducted only minimal discovery. Thus, appeal would materially advance the ultimate termination of the litigation.

\* \* \*

The Court concludes that all of the § 1292(b) requirements for an interlocutory appeal are met. Thus, the Court certifies its prior order, ECF No. 71, to allow the interlocutory appeal of the following question: whether Defendant Harroun was acting under color of law.

## IV. CONCLUSION

The City's motion to certify the Court's order for interlocutory appeal, ECF No. 74, is GRANTED.

DATED this 3rd day of March 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge